THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| BETTY R. WADE, | ) | Case No. 2:10CV01045 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| WACHOVIA, and DOES 1-5, | ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

On November 8, 2007, Plaintiff obtained a loan from World Savings Bank, FSB ("WSB") (a predecessor to Wachovia Mortgage Corp. (Wachovia")), secured by real property located at 4008 S. Clipper St., Saratoga Springs, Utah. On December 3, 2007, Plaintiff obtained another loan from WSB secured by real property located at 307 E. Pavilion Circle, Saratoga Springs, Utah. The loans are each evidenced by a promissory note and deed of trust.

Plaintiff is in breach of her obligations under the loan documents and Defendant wishes to pursue its rights under law against the secured property. In response, Plaintiff filed the present complaint in which she purports to state claims for "Cancellation of Trust Deed", "Quiet Title", "Violations of Truth in Lending Act", "Fraud in the Inducement" and "Declaratory Relief".

Defendant has filed a Motion to Dismiss (Doc.# 10) seeking dismissal of each claim.[1] For the reasons that follow, Defendant is entitled to the relief it seeks.

## II. STANDARD OF REVIEW

In reviewing the Complaint the Court accepts as true all well pleaded allegations of the complaint and views them in the light most favorable to the non-moving party. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption. *Mitchell v. King*, 537 F.2d 385 (10th Cir. 1976); Swanson v. Bixler, 750 F.2d 810 (10th Cir. 1984). The complaint must plead sufficient facts, that when taken as true, provide "plausible grounds" that "discovery will reveal evidence" to support plaintiff's allegations. *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The allegations must be enough that, if

---

[1] The Court agrees with Defendant that the loan documents presented by it for the court to consider are not matters outside the pleadings such that the motion should be converted to one for summary judgment as asserted by Plaintiff. *See GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384-85 (10th Cir. 1997)(where documents are central to the claims in a complaint, authentic copies of those documents may be submitted to the court for consideration on a motion to dismiss).

2

assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

## III. DISCUSSION

### A. Truth in Lending Act Claims (Third Claim for Relief)

Plaintiff alleges that under the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* (the "TILA"), Defendant was obligated, but failed, to make certain disclosures relating to extending her credit.

Plaintiff's claim under the TILA fails as a matter of law because any claim for violation must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Here, the violation, if any, occurred at the closing of the loans on or about November 8, 2007 and December 3, 2007. Plaintiff's Complaint was not filed until June 1, 2010. Although Plaintiff urges that equitable tolling is appropriate to give effect to the purpose of TILA, and that Defendant's fraudulent acts warrant tolling, she fails to set forth specific factual allegations in support of her assertions. Plaintiff's TILA Claim, therefore, is barred by the statute of limitations.

### B. Fraud in the Inducement (Fourth Claim for Relief)

Plaintiff asserts that Defendant materially misrepresented loan terms for the purpose of inducing her to enter the loan

transactions in the following ways:

> Defendants failed to disclose the material terms of the Loan and incidental Services to Plaintiff, by, inter alia:
> a. Lender through Agent failed to fully disclose the loan terms ... including failing to make required disclosures pursuant to RESPA and TILA.
> b. Lender further concealed the existence of Loan Securitization Agreements, Financial Incentives, Credit Enhancement Agreement, and Credit Default Swaps, and
> c. Lender and Agent concealed the risk of default and risk of foreclosure from Borrower ....

Compl. ¶ 122.

To succeed on her fraud in the inducement claim, Plaintiff, among other things, must establish that Defendant made a representation concerning a presently existing material fact which was false. *Giusti v. Sterling Wentworth Corp.*, 201 P.3d 966, 977 n. 38 (Utah 2009). Here, as Defendant notes, Plaintiff's fraud in the inducement claim does not identify any affirmative misrepresentations, but instead alleges that Defendant failed to disclose certain facts about the loan. A claim is not actionable that does not "allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). Because Plaintiff fails to allege a necessary element of her claim for fraud in the inducement, it is dismissed.

Even construed as one for fraudulent non-disclosure or concealment, her claim is still deficient. To prevail on a fraudulent non-disclosure or concealment claim a plaintiff must show

4

"(1) that the nondisclosed information is material, (2) that the nondisclosed information is known to the party failing to disclose, and (3) that there is a legal duty to communicate." *Mitchell v. Christensen*, 31 P.3d 572, 574 (Utah 2001); see also *Yazd v. Woodside Homes Corp*. 143 P.3d 283, 286 (Utah 2006). Other than conclusory statements, the Complaint is deficient as to these elements. The facts alleged, the loan documents filed in this case, and relevant law appear to undercut any such claim. Plaintiff signed promissory notes that contained the total amounts financed, the fact that the interest rates would vary, the minimum and maximum interest rates that could be charged under the loan terms, and an explanation of the circumstances that would cause the applicable interest rates to vary. Mem. Supp. Ex. A at 1-2; Ex. B at 1-2. As to the alleged concealment of Loan Securitization Agreements, etc., there are no allegations of materiality, knowledge or duty to communicate. And as to Plaintiff's claim that the risk that she might default was concealed, "under Utah law, a lender does not owe a borrower any fiduciary duties, including such alleged duty to investigate Plaintiff's ability to repay a loan." *Rhodes v. Wells Fargo Home Mortgage*, No. 2-10cv393-TS, 2010 WL 3222414, at *4 (D. Utah Aug. 16, 2010).

Additionally, under Rule 9 of both the Federal and Utah Rules of Civil Procedure, fraud must be plead with particularity. "'Rule 9((b) requires that a plaintiff set forth the 'who, what, when,

5

where and how' of the alleged fraud.'" *U.S. ex rel. Sikkenga v Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006)(quoting *Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). Plaintiff has failed to set forth her allegations of fraud with the required particularity.

### C. Cancellation of Trust Deed (First Claim for Relief)

Plaintiff asserts that "[i]f a trust deed is secured in the future, it will be as a result of a fraud and subsequent wrongful foreclosure", and that she could be injured "where the holder of the Trust Deed may improperly foreclose and Plaintiff may lose the property at an unauthorized Trustee Sale to a purchaser for value who has no notice of the Trust Deed's invalidity." Compl. at ¶¶ 104-105. Because it is dependent on her failed fraud claim, Plaintiff's Cancellation of Trust Deed claim also fails

### D. Quiet Title (Second Claim for Relief)

A party seeking to quiet title "must allege title, entitlement to possession, and that the estate or interest claimed by others is adverse or hostile to the alleged claims of title or interest." *Utah State Dept. of Social Services v. Santiago*, 590 P.2d 335, 337-338(Utah 1979). The "plaintiff must prevail on the strength of his own claim to title and not on the weakness of a defendant's title or even its total lack of title." *Church v. Meadow Springs Ranch Corp., Inc.,* 659 P.2d 1045, 1048-49 (Utah 1983). To prevail, Plaintiff must allege, and ultimately prove, that her interest is

superior to the Trust Deeds. Her Complaint, however, contains insufficient allegations to support this claim. As Defendant notes, plaintiff does not allege that she holds clear title to the subject property, or even that she is not in default under both notes. Moreover, Plaintiff's theory for this claim appears to be predicated on alleged fraud. See Compl. at ¶ 112. Because her fraud claim fails, so must her quiet title claim.

**E. Declaratory Relief (Fifth Claim for Relief)**

Plaintiff's declaratory judgment claim must be dismissed because it is predicated upon her other claims for TILA violations, fraud, cancellation of trust deed, and quiet title, each of which fails as a matter of law. Because those other claims fail, her declaratory relief claim also fails. A court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such a relief." *In re Joint Eastern & Southern District Asbestos Litigation*, 14 F. 3d. 726, 731 (2d Cir. 1993).

**IV. CONCLUSION**

For the reasons explained above, as well as for those additional reasons set forth by Defendant in its pleadings, all of Plaintiff's claims fail under Rule 12(b)(6), and Defendant's

Motion to Dismiss (Doc. #10) is granted with prejudice.[2]  The Clerk of the Court is requested to enter final judgment for Defendant.

    IT IS SO ORDERED.

    DATED this 17th day of March, 2011.

                            BY THE COURT:

                            _____
                            DAVID SAM
                            SENIOR JUDGE
                            UNITED STATES DISTRICT COURT

---

[2] Plaintiff's informal request for leave to amend is denied. *See Calderon v. Kansas Dep't of Social & Rehabilitation Services*, 181 F.3d 1180, 1187 (10th Cir. 1999)(informal requests for leave incorporated into other pleadings are procedurally improper and need not be honored unless they provide clear notice of the grounds justifying leave).  Plaintiff has failed to set forth any grounds justifying why leave to amend should be granted. Additionally, as Defendant notes, Plaintiff was on notice of the deficiencies of her complaint after the motion to dismiss was filed, but she failed to amend her complaint as a matter of right or to otherwise seek leave of court.